IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STEVEN TATLOW, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 2:10-CV-04053-NKL |
| | ) |
| COLUMBIA/BOONE COUNTY | ) |
| COMMUNITY PARTNERSHIP | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiffs Steven Tatlow and Janet Stevens ("Plaintiffs") have sued their former employer, Columbia/Boone County Community Partnership ("Defendant"), for discriminatory discharge, retaliation, and hostile work environment in violation of 42 U.S.C. § 1981 and the Missouri Human Rights Act, Rev. Mo. Stat. §§ 213.010, *et seq*. Tatlow, a member of Defendant's employee benefit plan, also asserts that Defendant violated ERISA when it discharged him for exercising his right to health care benefits. Pending before the Court is Plaintiffs' motion for sanctions under Federal Rule of Civil Procedure 11 [Doc. # 23]. For the following reasons, the Court DENIES the motion.

**I.    Background**

Defendant's Answer [Doc. # 14] to Plaintiffs' Amended Complaint denies several factual contentions. Plaintiffs' First Amended Interrogatory asked Defendant to indicate the source of evidentiary support for its denials. As to portions of its Answer, particularly

1

paragraph 126, which concerned a reprimand issued by Defendant to one of the Plaintiffs, Defendant indicated Ms. Lolita Lucas-Howard, a former executive of the organization, as its sole source. Plaintiffs later deposed Defendant, which had designated Ms. Lucas-Howard as its representative. [Doc. # 23-4, 5:20-25]. Ms. Lucas-Howard could not "recall specifics" regarding why the reprimand had been issued, but noted "performance issues." [Doc. # 23-4, at 47:8-50:11]. As to the remainder of the deposition, although Ms. Lucas-Howard acknowledged that she had reviewed the different topic areas that were listed in the deposition and was prepared to testify on behalf of Defendant about each subject, [Doc. # 23-4, at 8:1-8], Ms. Lucas-Howard repeatedly responded to Plaintiffs' questions that she had no knowledge, could not recall specifics, or was not prepared to testify. [*See, e.g.,* Doc. # 23-4, at 21:7-14; 27:2-6; 33:9-15; 44:5-12]. These questions related to Defendant's factual denials in its Answer concerning the circumstances surrounding Plaintiffs' performance reviews, reprimands, separation from employment, complaints to Defendant's management regarding race discrimination or race-based harassment, and Defendant's responses to these complaints. [Doc. # 24, at 4-8].

## II. Discussion

Plaintiffs contend that their deposition of Defendant yielded inconclusive answers that do not support the denial of factual contentions in Defendant's Answer [Doc. # 14], thereby demonstrating that Defendants violated Rule 11 because its denials were not warranted on the evidence nor based on reasonable inquiry. Defendant is a Missouri nonprofit organization [Doc. # 26, at 1] and may be deposed in accord with Rule 30(b)(6), which

2

permits a party to name a public or private corporation, partnership, association, governmental agency, or other entity as a deponent. The party "must describe with reasonable particularity the matters for examination" and the organization-deponent must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6).

> [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). *See also Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.") (citation omitted).

Here, Defendant designated only Ms. Lucas-Howard to answer Plaintiffs' questions on behalf of Defendant concerning Defendant's denials in its Answer. Prior to the deposition, Plaintiffs provided Defendant with the topic areas about which it would inquire. Defendant's counsel stated prior to the deposition that its designee was prepared to testify on all areas of the deposition; the designee also stated that she was prepared in all areas. However, Ms. Lucas-Howard repeatedly responded to Plaintiffs' questions that she had no knowledge, could not recall specifics, or was not prepared to testify. Defendant states that

3

Ms. Lucas-Howard's lack of knowledge "relates to Ms. Lucas-Howard . . . as opposed to the Defendant," and argues that its designee was "merely a witness who held a position as a former executive director with the Defendant" who was not required to testify on information known to the organization but not known to her. [Doc. # 26, at 1].

Defendant's actions and interpretation of the rule directly contradict the purpose of Rule 30(b)(6). When the rule was added, it was intended to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Fed. R. Civ. P. 30 advisory committee's note (citing *Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940, 944 (4th Cir. 1964) (example of "bandying")); H.R. Doc. No. 91-291, at 39-38 (1970). In this light, Defendant's actions and interpretation of the rule were unreasonable. First, Defendant misrepresented how prepared its designee was to answer Plaintiffs' questions, thus wasting time and resources. Second, Defendant's argument that Plaintiffs will need to discover on its own the answers to their questions from sources other than Defendant's designee is directly contrary to Rule 30(b)(6), which commands that the deposed organization designate one or more persons to testify regarding knowledge known to the organization. Thus, the Rule indicates that it is incumbent on the organization to bring forth persons who can testify on its behalf regarding the information known to it, rather than requiring the deposing party to find those individuals.

A party's failure to comply with Rule 30(b)(6), however, does not render denials of factual contentions unwarranted in violation of Rule 11. Here, according to Defendant, it

4

possesses the knowledge to answer Plaintiffs' questions. That it failed to provide a properly prepared designee–a violation of Rule 30(b)(6)–does not mean that its Answer is necessarily unsupported. Further, contrary to Plaintiffs' argument, it is unclear to the Court how Ms. Lucas-Howard's inability to "recall specifics" regarding why a reprimand was issued to one of the Plaintiffs violates Rule 11 by undermining paragraph 126 of Defendant's Answer. This paragraph admits that Ms. Lucas-Howard issued a reprimand letter and "denies the remaining allegations contained in . . . paragraph [126 of the Complaint]." Paragraph 126 of the Complaint does not appear to specifically allege why Ms. Lucas-Howard issued the reprimand. Thus, Ms. Lucas-Howard's statement during her deposition on behalf of Defendant that the reprimand was issued due to "performance issues" without further specificity, [Doc. # 23-4, at 47:8-50:11], does not appear inconsistent with Defendant's Answer.

Pursuant to Federal Rule of Civil Procedure 30(a)(2), the Court now permits Plaintiffs to conduct a second deposition of Defendant and orders Defendant to respond to Plaintiffs' inquiries based on information known and reasonably available to the organization. Should Defendants fail to respond, Rule 37 and Rule 11 sanctions may be appropriate at that juncture. Further, the Court assesses Defendant to pay Plaintiffs' reasonable attorneys' fees associated with taking a second deposition of Defendant.

### III. Conclusion

Accordingly, it is hereby ORDERED that Plaintiffs' motion for sanctions under Rule 11 [Doc. # 23] is DENIED. It is further ORDERED that Plaintiffs are granted leave to

conduct a second deposition of Defendant, where Defendant must present one or more designees consistent with this Order and Federal Rule of Civil Procedure 30(b)(6). Defendant is ORDERED to pay Plaintiffs' reasonable attorneys' fees associated with the second deposition. To the extent that Defendant's suggestions in opposition [Doc. # 26] requests leave to file an amended answer, that motion is untimely and not properly before the Court, and is therefore DENIED.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: December 8, 2010
Jefferson City, Missouri